UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| HAWX SERVICES, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>AXIS PEST HOLDINGS, LLC, a Utah limited liability company; AXIS PEST SOLUTIONS, LLC, a Nevada limited liability company; MICHAEL PETRI, an individual; and COLTON COTTRELL, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR ELECTRONIC SERVICE UPON COLTON COTTRELL AND MICHAEL PETRI AND TO EXTEND DEADLINE FOR SERVICE (DOC. NO. 22)**<br><br>Case No. 1:21-cv-00088<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Hawx Services, LLC's ("Hawx") Ex Parte Motion for Electronic Service Upon Colton Cottrell and Michael Petri and to Extend Deadline for Service ("Mot.," Doc. No. 22). Hawx seeks leave to serve Defendants Colton Cottrell and Michael Petri by email and text message and to extend the deadline for service by sixty days. (*Id.* at 2.) For the reasons explained below, the motion is GRANTED.

As set forth in the motion and supporting declaration and exhibits, Mr. Cottrell and Mr. Petri are former sales representatives for Hawx. (*Id.* ¶ 1; Ex. 1 to Mot., Decl. of Scott Wilson ("Wilson Decl.") ¶ 2, Doc. No. 22-1.) Mr. Cottrell and Mr. Petri used the personal email addresses and phone numbers set forth in the motion to communicate with Hawx while working there. (Mot. ¶¶ 2–3, Doc. No. 22; Wilson Decl. ¶¶ 3–4; Ex. 2 to Mot., Decl. of Jason R. Hull ¶ 8, Doc. No. 22-1.)

Hawx's process server made multiple unsuccessful attempts to personally serve Mr. Cottrell and Mr. Petri at Axis' offices in North Carolina and South Carolina, respectively, based

1

on information that the defendants were working out of those offices.  (Mot. ¶¶ 10, 16, 19, Doc. No. 22; Ex. 3 to Mot., Aff. of Erin De La Cruz Re: Cottrell ("De La Cruz Decl. Re: Cottrell"), Doc. No. 22-1 at 17–18; Ex. 4, Aff. of Ruth Reynolds, Doc. No. 22-1 at 20; Ex. 5 to Mot., Aff. of Erin De La Cruz Re: Petri ("De La Cruz Decl. Re: Petri"), Doc. No. 22-1 at 22–23.)  Hawx also attempted to locate residential addresses for Mr. Cottrell and Mr. Petri by emailing them, calling their personal cell phones, and performing skip traces.  (Mot. ¶¶ 8–9, 11–12, 17–18, Doc. No. 22.)  Mr. Cottrell spoke with the process server by phone but refused to provide his address.  (De La Cruz Decl. Re: Cottrell, Doc. No. 22-1 at 17–18.)  Mr. Petri spoke with the process server and provided only a work address, but the process server's attempts to complete service at that address were unsuccessful.  (De La Cruz Decl. Re: Petri, Doc. No. 22-1 at 22–23.)  Mr. Cottrell and Mr. Petri did not respond to emails, and the skip traces did not reveal any current residential addresses for them.  (De La Cruz Decl. Re: Cottrell, Doc. No. 22-1 at 17–18; De La Cruz Decl. Re: Petri, Doc. No. 22-1 at 22–23.)

Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual and provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In this case, Hawx filed its complaint in the District of Utah.  Therefore, Utah law is applicable.

Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."  Utah R. Civ. P. 4(d)(5)(A).  The motion must include "[a]n affidavit or declaration

supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id.* Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

Hawx met its burden to make reasonably diligent efforts to locate and serve Mr. Cottrell and Mr. Petri. As described above, Hawx made multiple attempts to personally serve Mr. Cottrell and Mr. Petri at work and diligently tried to locate residential addresses for service. Mr. Cottrell's and Mr. Petri's refusals to disclose residential addresses for service during phone calls with the process server and failures to respond to email inquiries gives good cause to believe they are avoiding service. Moreover, service by email and text message is reasonably calculated, under the circumstances, to apprise Mr. Cottrell and Mr. Petri of this action.[1]

For these reasons, the court GRANTS the motion and ORDERS as follows:

1. Mr. Cottrell may be served by (1) emailing the summons, the complaint, and a copy of this order to colton.cottrell@gmail.com, three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received

---

[1] Hawx states it will also serve a copy of the summons and Complaint for Mr. Cottrell on counsel for Defendants Axis Pest Holdings, LLC and Axis Pest Solutions, LLC (collectively, "Axis") based on its belief that Mr. Cottrell works for Axis. (Mot. 2, Doc. No. 22.) Axis filed a response opposing Hawx's motion only to the extent it seeks to effect service through Axis' counsel, representing Mr. Cottrell is an independent contractor and not an employee. (Defs.' Resp. 1–2, Doc. No. 23.) This order permits alternative service only by email and text message, and it does not require or permit service upon Mr. Cottrell through Axis' counsel.

acknowledging receipt of service), and (2) texting a link to the summons, the complaint, and a copy of this order to Mr. Cottrell at 385-326-5759.

2.  Mr. Petri may be served by (1) emailing the summons, the complaint, and a copy of this order to mpetri20@yahoo.com, three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received acknowledging receipt of service), and (2) texting a link to the summons, the complaint, and a copy of this order to Mr. Petri at 916-757-0857.

3.  Service shall be complete upon sending the emails and text messages set forth above. Upon completion of these steps, Hawx shall file a declaration or affidavit of compliance with this order confirming service has occurred and the date upon which it occurred.

4.  The deadline to complete service is extended to December 10, 2021.

DATED this 12th day of October, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge